# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Curtis Crosland, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 22-cv-02416-AB |
| | : | |
| City of Philadelphia et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S UNOPPOSED MOTION FOR**
**LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Curtis Crosland, through counsel, respectfully moves the Court for leave to file

the Second Amended Complaint attached to this Motion, and, in support thereof, asserts as

follows:

1.      Plaintiff filed the Complaint (ECF 1) initiating this action concerning his

wrongful conviction and 33-and-a-half-year imprisonment on June 20, 2022.  The Complaint

identified as defendants the City of Philadelphia and multiple individual employees of the

Philadelphia Police Department.

2.      Thereafter, as a result of continued investigation of the matter, plaintiff learned

that five of the individual defendants named in the Complaint are deceased.  Accordingly, on

September 28, 2022, plaintiff filed an Amended Complaint (ECF 19) substituting as defendants

the estates for each of the deceased individuals.  Because plaintiff did not then know the names

of the personal representatives for each individual's estate, plaintiff identified as defendants John

Doe 1 through John Doe 5 as the unknown personal representative for each estate.[1]

        3.      Plaintiff has recently obtained information about the identities of personal

representatives for the estates of two of the deceased individuals, John Cimino and Francis

Ansel.  Accordingly, plaintiff seeks leave to file a Second Amended Complaint that makes the

following changes to the Amended Complaint:

> a. Removing defendant John Doe 1 and replacing that defendant with John Della
>    Rocca as Personal Representative of the Estate of John Cimino; and
>
> b. Removing defendant John Doe 3 and replacing that defendant with Karen
>    Ansel as Personal Representative of the Estate of Francis Ansel.

        4.      Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend]

when justice so requires."  *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006)

("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading.").  A request to

amend "must generally be granted unless equitable considerations render it otherwise unjust";

such considerations include "undue delay, bad faith, and futility."  *Id.* at 204 (citing *Foman v.

Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993)).

        5.      As outlined above, plaintiff seeks leave to amend for permissible purposes and

not to promote undue delay or in bad faith.  Nor is plaintiff's amendment futile.

        6.      All defense counsel who have entered an appearance to date confirm that no

defendants oppose the docketing of the Second Amended Complaint.

---

[1] Plaintiff filed the Amended Complaint within 21 days of service of the living defendants and, therefore, was permitted to do so as a matter of course without leave of Court under Fed. R. Civ. P. 15(a)(1)(A).

WHEREFORE, for the foregoing reasons, plaintiff respectfully requests that the Court

grant the Motion and permit the docketing of the Second Amended Complaint.

Respectfully submitted,


/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
Grace Harris
KAIRYS, RUDOVSKY, MESSING,
  FEINBERG & LIN LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400

Emma Freudenberger (*admitted pro hac vice*)
Owanaemi Briggs (*admitted pro hac vice*)
Gerardo Romo (*admitted pro hac vice*)
NEUFELD, SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
212-965-9081

*Counsel for Plaintiff*

3