CC (CIU Physical File) 004086

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CURTIS CROSLAND, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 21-476 |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | |
| Respondent. | : | |

**June 22, 2021** **Anita B. Brody, J.**

## EXPLANATION AND ORDER

More so than any other party in our criminal legal system, the prosecutor has an obligation to do justice. See *Berger v. United States*, 295 U.S. 78, 88 (1935). This obligation encompasses an ethical[1] and legal duty to seek the truth. The obligation demands that the pursuit of a conviction can never come at the expense of the rights of the accused. The responsibility of doing justice does not disappear once a conviction is achieved. In some circumstances, the duty to seek truth can and should extend to cases long closed.[2]

Over 30 years ago, Curtis Crosland was convicted of second-degree murder, robbery, and possessing an instrument of crime. He was sentenced to life and has been in prison ever since. In 2020, after years of unsuccessful attempts at post-conviction relief and pleas of actual innocence,

[1] *See* Model Rules of Prof'l Conduct R. 3.8(d) ("The prosecutor in a criminal case shall make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense . . . .").

[2] *See id.* R. 3.8(g) ("When a prosecutor knows of new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall: (1) promptly disclose that evidence to an appropriate court of authority, and (2) if the conviction was obtained in the prosecutor's jurisdiction, (i) promptly disclose that evidence to the defendant . . . and (ii) undertake further investigation . . . .").



CONFIDENTIAL CITY 010720

CC (CIU Physical File) 004087

Crosland requested that the Philadelphia District Attorney's Office Conviction Integrity Unit ("CIU") review his case. In March 2020, the CIU agreed and began an exhaustive and dedicated investigation. The CIU learned that throughout Crosland's prosecution, the Commonwealth failed to disclose material, impeachment, and exculpatory information to the defense, therefore violating the constitutional requirements of *Brady v. Maryland*, 373 U.S. 83 (1963).[3]

In October 2020, the Commonwealth shared the CIU's findings with Crosland. On February 1, 2021, Crosland filed the present petition. Pursuant to its ethical duty to seek truth and facilitate justice, the Commonwealth now submits that it violated *Brady* and that habeas relief is warranted. The Commonwealth also acknowledges that "Crosland may very well be actually innocent." Gov't Resp. at 3 n.3, ECF No. 21. The CIU's thorough investigation and the Commonwealth's subsequent admission is a fulfillment of the prosecutor's enduring duty to seek truth and a prime example of *doing justice*. I accept the Commonwealth's concession and will grant Crosland's petition.

---

[3] It is important to note that the prosecutor for Crosland's 1991 trial, who is now a well-respected trial court judge in the Court of Common Pleas of Philadelphia County, has asserted that she has no independent recollection of the case and that it was her practice to always disclose material information to the defense. *See* Gov't Resp. at 7 n.4, 8, ECF No. 21. There is indication that the prosecutor may not have been aware of much, if not all, of the undisclosed evidence. *See id.* at 8 ("Nor is it likely that the prosecutor was aware of these documents.").



CONFIDENTIAL CITY 010721

**ORDER**

**AND NOW,** this 22nd day of June, 2021, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 2) and the Commonwealth's concession of relief (ECF No. 21), it is **ORDERED** that the Petition for a Writ of Habeas Corpus is **GRANTED**. Within twenty-one (21) days of this Order, Petitioner must be retried or released from all custody.

s/ANITA B. BRODY, J.
ANITA B. BRODY