LAWRENCE S. KRASNER
DISTRICT ATTORNEY

**DISTRICT ATTORNEY'S OFFICE**
**CONVICTION INTEGRITY UNIT**
THREE SOUTH PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107-3499
215-686-8000

June 23, 2021

The Honorable Lillian H. Ransom
Court of Common Pleas of Philadelphia County
1301 Filbert Street
Criminal Justice Center 504
Philadelphia, PA 19107

**Via Hand Delivery**

**Re:** ***Commonwealth v. Curtis Crosland*** **(CP-51-CR-0132641-1988) – Grant of Federal Habeas Relief and Motion for *Nolle Prosequi***

Dear Judge Ransom:

Yesterday, the United States District Court for the Eastern District of Pennsylvania granted federal habeas relief to Curtis Crosland. Mr. Crosland was convicted of murder of the second degree, robbery and possession of an instrument of crime following a 1991 retrial, and sentenced to life imprisonment. The Commonwealth is now moving to *nolle prosse* all charges against Mr. Crosland and has included for the Court's consideration our motion, a proposed order, as well as the District Court's June 22, 2021 order granting relief, which was submitted for e-file this morning.

We greatly appreciate your attention and consideration of this matter. Should the Court have any questions or need any additional information, please let us know.

Respectfully submitted,

/s/ Patricia Cummings
Supervisor, Conviction Integrity Unit

/s/ Banafsheh Amirzadeh
Assistant District Attorney, Conviction Integrity Unit

Enc.

cc: Claudia Flores, Esq. and Arianna Freeman, Esq.

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**CRIMINAL SECTION TRIAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH | : | |
| | : | CP-51-CR-0132641-1988 |
| v. | : | |
| | : | |
| CURTIS CROSLAND | : | |
| | : | |
| PPN: 056138 | : | |
| INMATE #: AS2309 | : | |

## ORDER

WHEREAS, the Court is in receipt of the June 22, 2021 federal district order granting habeas relief:

NOW, this _____ day of _____ 2021, the Commonwealth's motion for ***nolle prosequi*** pursuant to Pa. R. Crim. P. 585(a) is granted. A ***nolle prosequi*** is **HEREBY ORDERED** as to all charges.

BY THE COURT:

______________________________
HONORABLE LILLIAN H. RANSOM
COMMON PLEAS JUDGE

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CRIMINAL SECTION TRIAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH | : | |
| | : | CP-51-CR-0132641-1988 |
| v. | : | |
| | : | |
| CURTIS CROSLAND | : | |

**MOTION FOR NOLLE PROSEQUI PURSUANT TO PA. R. CRIM. P. 585(a)**

TO THE HONORABLE LILLIAN H. RANSOM:

LAWRENCE KRASNER, the District Attorney of Philadelphia County, by his representatives, Patricia Cummings and Banafsheh Amirzadeh, Assistant District Attorneys, respectfully submits this motion for *nolle prosequi* under Pennsylvania Rule of Criminal Procedure 585(a). In support of this motion, the Commonwealth submits:

1. On June 21, 2021, the United States District Court for the Eastern District of Pennsylvania granted Curtis Crosland habeas relief on the basis that the Commonwealth violated its obligations under *Brady v. Maryland*, 373 U.S. 373 U.S. 83 (1963). The District Court directed that Crosland be retried or released from custody within 21 days of the Court's June 22, 2021 order. *See* Exhibit A (order granting federal habeas relief).

2. As explained in the District Court's order, in 1991, Curtis Crosland was wrongfully convicted of second-degree murder, robbery and possessing an instrument of crime in connection with the 1984 shooting death of Il Man Heo.

3. The evidence relied on to convict Crosland at trial was weak. No physical evidence linked him to the offense. His conviction rested on the testimony of two witnesses: Delores Tilghman, who was declared unavailable, but had previously testified to overhearing a conversation among Crosland and his cousins about the murder; and Rodney Everett, who

disavowed Crosland's involvement at trial, but had previously attested that Crosland confessed to him.

4. As plead in the federal habeas proceedings, recently discovered evidence in the Commonwealth and Philadelphia Police Department files impeaches the credibility of both Tilghman and Everett (who also maintain that they falsely implicated Crosland). Recently discovered evidence also shows that the police's initial investigation focused on another suspect altogether.

5. Because of the weakness of the Commonwealth's original case and the discovery of significant impeachment and exculpatory evidence, the Commonwealth respectfully submits that there is insufficient evidence to make out a *prima facie* case against Mr. Crosland in any further prosecution. *See* Pa. R. Prof. Resp. 3.8(a) (prosecutor must refrain prosecuting a charge that they know is not supported by probable cause).

6. In addition to the lack of evidence, the Commonwealth also recognizes both the ethical and resource concerns it would face in any attempt to retry Mr. Crosland a third time.

7. More specifically, the recently discovered evidence regarding the credibility of Tilghman and Everett implicates Rule 3.3(a)(3) of the Pennsylvania Professional Rules of Responsibility, which provides that "[a] lawyer may refuse to offer evidence . . . that the lawyer reasonably believes is false." Pa. R. Prof. Resp. 3.3(a)(3).

8. A third trial in this case would also adversely affect the Commonwealth's prosecutorial obligations to prosecute a huge backlog of otherwise strong cases left lingering as a result of COVID-19 and the prolonged court house closures mandated by judicial order of the Pennsylvania Supreme Court.

9. "A nolle prosequi is a voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill of indictment," *Commonwealth v. Whitaker*, 359 A.2d 174, 177 (Pa. 1976), and decisions about whether and when to prosecute and whether and when to continue or discontinue a case are one of a District Attorney's "general and widely recognized power[s]." *See Commonwealth v. Brown*, 708 A.2d 81, 83 (Pa. Super. 1998).

10. Pennsylvania Rule of Criminal Procedure 585 governs applications for *nolle prosequi* and provides in relevant part:

> Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person.

Pa. R. Crim. P. 585(A).[1]

11. When evaluating a prosecutor's motion for *nolle prosequi*, a trial court may only consider two factors: first, "whether the Commonwealth's reason for the request is reasonable," and second, "whether the defendant has a valid speedy trial claim." *Commonwealth v. Reinhart*, 353 A.2d 848, 853 (Pa. 1996).

12. In this case, there is no valid speedy trial claim currently available to Defendant because the Commonwealth's Motion for *Nolle Prosequi* is being made nearly immediately after the Court granted a new trial.

13. The trial court's authority to review a prosecutor's motion for *nolle prosequi* is granted to it by statute, and the assessment of whether a prosecutor's request is reasonable "lies

---

[1] *See also* 42 Pa. C.S. § 8932 ("After the commencement of a criminal matter by the filing of an information or otherwise, the district attorney shall not enter a nolle prosequi or dispose of the matter or discharge a prisoner from custody by means of a proceeding in lieu of a plea or trial without having obtained the approval of the court.")

within the sound discretion of the lower courts." *See Commonwealth v. DiPasquale*, 246 A.2d 430, 432 (Pa. 1968).

14. When a prosecutor's decision to dismiss or continue a case is based on a matter of law, it is within the purview of the judicial function to review that decision, and the separation of powers is not implicated. *See Commonwealth v. Benz*, 565 A.2d 764, 768 (Pa. 1989). However, when a prosecutor's decision is based on policy considerations, separation of powers prohibits the judge from second-guessing a prosecutor's discretion unless there is evidence of fraud, bad faith, or unconstitutionality on the part of the Commonwealth. *Brown*, 708 A.2d at 84. In those instances, "deference must be given to the discretionary decisions of a prosecutor—a member of the executive branch." *Id.* at 84–85.

15. Consistent with the Pennsylvania Crime Victims Act (18 P.S. § 11.201), the Commonwealth has consulted with members of the decedent's family. They are aware that Mr. Crosland may be released and do not wish to address the Court. They support his release.

16. Based on all of the above, the Commonwealth respectfully requests that this Court enter a *nolle prosequi* pursuant to Pa. R. Crim. P. 585(a). *Commonwealth v. Stivala*, 645 A.2d 257, 262 (Pa. Super. Ct. 1994).

Respectfully submitted,

Patricia Cummings

PATRICIA CUMMINGS
Supervisor, Conviction Integrity Unit

BANAFSHEH AMIRZADEH
Assistant District Attorney, Conviction Integrity Unit

Dated: June 23, 2021

## VERIFICATION

The facts above set forth are true and correct to the best of the undersigned's knowledge, information and belief. I understand the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

Respectfully submitted,

Patricia Cummings

PATRICIA CUMMINGS
Supervisor, Conviction Integrity Unit

## CERTIFICATE OF SERVICE

I, Patricia Cummings, Assistant District Attorney, certify that a true and correct copy of this motion was served on June 23, 2021, to the parties indicated below via email:

CLAUDIA B. FLORES
Assistant Federal Defender
ARIANNA J. FREEMAN
Managing Attorney, Non-Capital Habeas Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106

Patricia Cummings

PATRICIA CUMMINGS
Supervisor, Conviction Integrity Unit

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CURTIS CROSLAND, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 21-476 |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | |
| Respondent. | : | |

**June 22, 2021** **Anita B. Brody, J.**

**EXPLANATION AND ORDER**

More so than any other party in our criminal legal system, the prosecutor has an obligation to do justice. See *Berger v. United States*, 295 U.S. 78, 88 (1935). This obligation encompasses an ethical[1] and legal duty to seek the truth. The obligation demands that the pursuit of a conviction can never come at the expense of the rights of the accused. The responsibility of doing justice does not disappear once a conviction is achieved. In some circumstances, the duty to seek truth can and should extend to cases long closed.[2]

Over 30 years ago, Curtis Crosland was convicted of second-degree murder, robbery, and possessing an instrument of crime. He was sentenced to life and has been in prison ever since. In 2020, after years of unsuccessful attempts at post-conviction relief and pleas of actual innocence,

[1] *See* Model Rules of Prof'l Conduct R. 3.8(d) ("The prosecutor in a criminal case shall make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense . . . .").

[2] *See id.* R. 3.8(g) ("When a prosecutor knows of new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall: (1) promptly disclose that evidence to an appropriate court of authority, and (2) if the conviction was obtained in the prosecutor's jurisdiction, (i) promptly disclose that evidence to the defendant . . . and (ii) undertake further investigation . . . .").



CONFIDENTIAL CITY 010744

Crosland requested that the Philadelphia District Attorney's Office Conviction Integrity Unit ("CIU") review his case. In March 2020, the CIU agreed and began an exhaustive and dedicated investigation. The CIU learned that throughout Crosland's prosecution, the Commonwealth failed to disclose material, impeachment, and exculpatory information to the defense, therefore violating the constitutional requirements of *Brady v. Maryland*, 373 U.S. 83 (1963).[3]

In October 2020, the Commonwealth shared the CIU's findings with Crosland. On February 1, 2021, Crosland filed the present petition. Pursuant to its ethical duty to seek truth and facilitate justice, the Commonwealth now submits that it violated *Brady* and that habeas relief is warranted. The Commonwealth also acknowledges that "Crosland may very well be actually innocent." Gov't Resp. at 3 n.3, ECF No. 21. The CIU's thorough investigation and the Commonwealth's subsequent admission is a fulfillment of the prosecutor's enduring duty to seek truth and a prime example of *doing justice*. I accept the Commonwealth's concession and will grant Crosland's petition.

[3] It is important to note that the prosecutor for Crosland's 1991 trial, who is now a well-respected trial court judge in the Court of Common Pleas of Philadelphia County, has asserted that she has no independent recollection of the case and that it was her practice to always disclose material information to the defense. *See* Gov't Resp. at 7 n.4, 8, ECF No. 21. There is indication that the prosecutor may not have been aware of much, if not all, of the undisclosed evidence. *See id.* at 8 ("Nor is it likely that the prosecutor was aware of these documents.").

CC (CIU Physical File) 004112

**ORDER**

**AND NOW,** this 22nd day of June, 2021, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 2) and the Commonwealth's concession of relief (ECF No. 21), it is **ORDERED** that the Petition for a Writ of Habeas Corpus is **GRANTED**. Within twenty-one (21) days of this Order, Petitioner must be retried or released from all custody.

s/ANITA B. BRODY, J.
ANITA B. BRODY



CONFIDENTIAL CITY 010746